UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHARLES JAYNES,                    *
                                   *
            Petitioner,            *
                                   *
     v.                            *        Civil Action No. 03-11582-JLT
                                   *
MICHAEL GRANT,                     *
                                   *
            Respondent.            *

MEMORANDUM

October 19, 2010

TAURO, J.

I.     Introduction

        In 2003, Petitioner, Charles Jaynes, filed a petition for writ of habeas corpus seeking to

challenge his conviction of kidnapping and second-degree murder.  Presently at issue is

Petitioner's Motion to Amend Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a

Person in State Custody [#29].  For the following reasons, that motion is ALLOWED.

II.    Background

        On October 1, 1997, Jeffrey Curley's mother reported to police in Cambridge,

Massachusetts that her ten-year-old son was missing.[1]  On October 2, 1997, police in Newton,

Massachusetts, arrested Petitioner on unrelated warrants.[2]  After they arrested him, the Newton

---

[1] Commonwealth v. Jaynes, 55 Mass. App. Ct. 301, 303 (2002) (Jaynes I).

[2] Id. at 304.

police towed Petitioner's Cadillac and conducted an "inventory" search of his car.[3]  During this

search, the police found a New Hampshire driver's license with a photograph of Petitioner, the

name Anthony Scaccia, and the address 1101 Elm Street, Manchester, New Hampshire.[4]  The

police also found other evidence linking Petitioner to the crimes.[5]  On October 3, 1997, the police

obtained a warrant to search 1101 Elm Street, apartment 206, Manchester, New Hampshire.[6]

That search produced physical evidence tying Petitioner to the crimes.[7]

On December 11, 1998, in Middlesex Superior Court in Cambridge, Massachusetts,

Petitioner was convicted of kidnapping and second-degree murder.[8]  The Massachusetts Appeals

Court affirmed Petitioner's conviction on June 21, 2002, and the Supreme Judicial Court denied

further review on September 6, 2002.[9]

On August 18, 2003, Petitioner filed a pro se petition for writ of habeas corpus in this

---

[3] Commonwealth v. Jaynes, 77 Mass. App. Ct. 1110, 2010 WL 2813572 at *3 (2010) (Jaynes II).

[4] Id. at n.6.

[5] Id. (noting that the police also found "several other cards in the wallet displaying the name Anthony Scaccia, . . . a credit card receipt for lime and concrete purchased from Home Depot[,] . . . a cash receipt from International Bicycle for a bike, . . . a credit card receipt for No Doz[,] . . . a credit card receipt . . . for a storage container, and . . . a plastic bag . . . containing two rolls of duct tape").

[6] See Jaynes I, 55 Mass. App. Ct. at 304.

[7] Id.

[8] Mot. Amend Pet. 28 U.S.C. § 2254 Writ Habeas Corpus Person State Custody, 1 [#29]; Resp'ts' Opp'n Pet'r's Mot. Amend, 1 [#30].

[9] Mot. Amend Pet. 28 U.S.C. § 2254 Writ Habeas Corpus Person State Custody, 1 [#29]; Resp'ts' Opp'n Pet'r's Mot. Amend, 1 [#30].

court seeking to challenge his conviction.[10]  On November 7, 2003, counsel was appointed to help

Petitioner file his habeas petition.[11]  On December 5, 2003, counsel filed a timely amended

petition for writ of habeas corpus under 28 U.S.C. § 2254.[12]  The Petition contains eight claims,

including a claim of ineffective assistance of trial counsel.[13]  Proceedings on this Petition have

been stayed until December 1, 2010 while Petitioner returns to state court to exhaust his claims.[14]

A petition for further appellate review is currently pending in the Supreme Judicial Court.[15]

On September 26, 2010, Petitioner filed this motion to amend his petition for writ of

habeas corpus to include a claim that his trial counsel was ineffective for failing to move to

suppress the inventory search of Petitioner's car.[16]

III.    Discussion

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an

---

[10] Mot. Amend Pet. 28 U.S.C. § 2254 Writ Habeas Corpus Person State Custody, 1 [#29]; Resp'ts' Opp'n Pet'r's Mot. Amend, 2 [#30].

[11] Mot. Amend Pet. 28 U.S.C. § 2254 Writ Habeas Corpus Person State Custody, 1 [#29].

[12] Am. Pet. 28 U.S.C. § 2254 Writ Habeas Corpus Person in State Custody [#9].

[13] Id. at 4–5, 7–9.  The other claims are: "[e]rroneous instruction on involuntary manslaughter"; "[d]enial of right to a jury trial and to proof beyond a reasonable doubt"; "[v]iolation of right to a public trial"; "[d]enial of due process and fundamental fairness, and violation of the presumption of innocence"; "denial of due process, burden-shifting and infringement of petitioner's Fifth Amendment privilege against self-incrimination"; "denial of due process, right to present a defense, violation of Confrontation Clause"; and "[i]neffective assistance of appellate counsel."  Id.

[14] Mot. Amend Pet. 28 U.S.C. § 2254 Writ Habeas Corpus Person State Custody, 1–2 [#29]; Resp'ts' Opp'n Pet'r's Mot. Amend, 3 [#30].

[15] Mot. Amend Pet. 28 U.S.C. § 2254 Writ Habeas Corpus Person State Custody, 2 [#29]; Resp'ts' Opp'n Pet'r's Mot. Amend, 3 [#30].

[16] Mot. Amend Pet. 28 U.S.C. § 2254 Writ Habeas Corpus Person State Custody [#29].

individual in custody may file a petition for writ of habeas corpus within one year of a judgment of conviction.[17]   An individual may amend such a petition once, without leave of court, before a response has been served.[18]   After the statute of limitations has run, an individual may amend a habeas petition with leave of court.[19]   A court will allow such an amendment if it "relates back" to the date of the original pleading.[20]   That is, the original and new claims must have some factual and legal connection beyond simply arising out of the "same trial, conviction, or sentence."[21]

An amended petition relates back to the date of the original pleading if the claim in the amended petition "arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading."[22]   The Supreme Court has explained that relation back is appropriate if "the original and amended petitions state claims that are tied to a common core of operative facts."[23]   Events that are "separate both in time and type from the events upon which the original claims depended" are not part of a common core of operative facts.[24]

Other courts have evaluated the appropriateness of relation back in a number of ways. The Tenth Circuit has said that relation back is appropriate if the new claim "clarifies or amplifies"

---

[17] AEDPA § 2244(d)(1), 28 U.S.C. 2244(d)(1).

[18] Fed. R. Civ. P. 15(a)(1); see AEDPA § 2242, 28 U.S.C. 2242 (making the Federal Rules of Civil Procedure applicable to habeas proceedings).

[19] Fed. R. Civ. P. 15(a)(2).

[20] Fed. R. Civ. P. 15(c)(1).

[21] Mayle v. Felix, 545 U.S. 644, 662 (2005).

[22] Fed. R. Civ. P. 15(c)(1)(B).

[23] Mayle, 545 U.S. at 664.

[24] United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005).

an existing claim.[25]  This district has required both the new and existing claim to involve the same

legal theories.[26]

Finally, the First Circuit has provided some specific guidance for cases involving original

and new claims of ineffective assistance of counsel.  A habeas petitioner "does not satisfy the Rule

15 'relation back' standard merely by raising some type of ineffective assistance in the original

petition, and then amending the petition to assert another ineffective assistance claim based upon

an entirely distinct type of attorney misfeasance."[27]

In the present case, the statute of limitations for filing a habeas petition has run.  Petitioner

therefore requires leave of this court to amend his petition[28] and Petitioner's new claim must

relate back to his original petition.[29]  For the following reasons, this court holds that Petitioner's

new claim relates back to his original petition as required by Federal Rule of Civil Procedure

15(c)(1) because both claims are "tied to a common core of operative facts."[30]

Petitioner seeks to add to his habeas petition a claim that his trial counsel was ineffective

because counsel failed to move to suppress the fruits of the inventory search of Petitioner's car.

---

[25] Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001) (quoting United States v. Espinoza-Saenz, 235 F.3d 501, 505 (10th Cir. 2000)).

[26] See Laurore v. Spencer, 396 F. Supp. 2d 59, 63 (D. Mass. 2005) (prohibiting relation back where petitioner's new claims were "of a distinctly different legal nature than the claim in the original petition").

[27] Ciampi, 419 F.3d at 24 (citing Mayle, 545 U.S. at 655; Davenport v. United States, 217 F.3d 1341, 1346 (11th Cir. 2000); United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999)).

[28] See Fed. R. Civ. P. 15(a).

[29] See Fed. R. Civ. P. 15(c)(1).

[30] Mayle, 545 U.S. at 664.

5

This claim is not an entirely new ineffective assistance of counsel claim.[31] Rather, Petitioner's new claim arises out of the original claim that counsel was ineffective for failing to move to suppress the fruits of the search of Petitioner's apartment.

These two searches, of the car and of the apartment, and thus the two claims, involve a "common core of operative facts."[32] The searches occurred only one day apart from each other,[33] and the police based their warrant application for the search of Petitioner's apartment in part on evidence that they found during the inventory search.[34] The police located Petitioner's New Hampshire apartment solely as a result of the New Hampshire driver's license that they found in Petitioner's car.[35]

Petitioner's new claim "amplifies"[36] his existing ineffective assistance of counsel claim because one way for Petitioner's counsel to challenge the search of Petitioner's apartment would have been to challenge the search of Petitioner's car. That is, counsel could have argued that the search warrant for Petitioner's apartment was derived from the fruits of an improper search of his

---

[31] See Ciampi, 419 F.3d at 24.

[32] Mayle, 545 U.S. at 664.

[33] See Jaynes II, 77 Mass. App. Ct. at *3; Jaynes I, 55 Mass. App. Ct. at 303–04. Contrary to what Respondent argues in its Opposition, it is unimportant that the two searches did not occur on the same day. There is no requirement that the facts at issue in an amended habeas petition occur on a single day. Rather, the facts must arise out of a "common core." Mayle, 545 U.S. at 664.

[34] Mot. Amend Pet. 28 U.S.C. § 2254 Writ Habeas Corpus Person State Custody, Ex. A [#29].

[35] See id.

[36] Woodward, 263 F.3d at 1142.

car.[37]  Respondent contends that the new claim is "more than a clarification or . . . amplification"
of the original petition because a challenge to the police decision to impound Petitioner's car is
"quite different" from a probable cause challenge to a search warrant.[38]  The two challenges,
however, are inextricably linked.  Petitioner may challenge the police decision to impound the car
*in order to* challenge the search warrant.

Petitioner's new claim also involves the same legal theory as his original claim.[39]  Both the
original and the new claims of ineffective assistance of counsel concern trial counsel's pre-trial
actions.  Similarly, both claims rely on Fourth Amendment standards for police action.

Finally, Respondent highlights the unexplained passage of seven years between the date of
Petitioner's original petition and this motion.[40]  Respondent has cited no authority, nor does this
court know of any, that requires a petitioner to show why a new claim was not included in his or
her original petition.

IV.    Conclusion

For the foregoing reasons, this court is persuaded that Petitioner's new claim "relates
back" to his original habeas petition.  Petitioner's Motion to Amend Petition Under 28 U.S.C. §
2254 for Writ of Habeas Corpus by a Person in State Custody [#29] is, therefore, ALLOWED.

---

[37] Cf. Wong Sun v. United States, 371 U.S. 471 (1963).

[38] Resp'ts' Opp'n Pet'r's Mot. Amend, 5 [#30].

[39] See Laurore, 396 F. Supp. 2d at 63.

[40] Resp'ts' Opp'n Pet'r's Mot. Amend, 5 [#30] ("[P]etitioner has not shown why he chose
to include a claim of ineffective assistance of counsel based on a failure to challenge the search of
his apartment in his original habeas petition which was filed within the AEDPA statute of
limitations, but could not include the claim he now seeks to add until almost seven years later.").

AN ORDER HAS ISSUED.

                          /s/ Joseph L. Tauro
                          United States District Judge